IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

NATALIA CHAVEZ and     §
JEFFREY ALAN PEEK,     §
           Plaintiffs,    §
                      §
v.                        §   No. 1:26-cv-00872-DAE
                      §
MARKWAYNE MULLIN, *et al.*,    §
           Defendants.   §
                      §

<u>ORDER</u>

Before the Court is Plaintiffs Natalia Chavez and Jeffrey Alan Peek's

Emergency Motion for Preliminary Relief ("PI Motion") (Dkt. # 2). The Court

finds this matter suitable for disposition without a hearing.[1] After careful

---

[1] Because the dispositive issue in this case is jurisdictional, and therefore a legal issue with no jurisdictional facts in dispute, the Court is not required to hold an oral hearing and may issue an order based on the parties' briefs alone. <u>Kaepa, Inc. v. Achilles Corp.</u>, 76 F.3d 624, 628 (5th Cir. 1996) ("If no factual dispute is involved, however, no oral hearing is required; under such circumstances the parties need only be given 'ample opportunity to present their respective views of the legal issues involved.'"). As discussed *infra*, this Court's analysis begins and ends with jurisdiction because Plaintiffs have not shown a likelihood of success on their claims due to jurisdictional issues. The Court thus finds a hearing unnecessary where the relevant issue is purely legal. <u>See also</u> <u>Commerce Park at DFW Freeport v. Mardian Const. Co.</u>, 729 F.2d 334, 341 (5th Cir. 1984) ("We did not state, nor do we think that <u>Marshall Durbin</u> can be fairly read to imply, that in the absence of disputed factual issues a hearing is always required before a motion for a preliminary injunction can be denied. . . . [T]he notice contemplated by rule 65(a) mandates that where factual disputes *are* presented, the parties must be given a fair opportunity and a meaningful hearing to present their differing versions of the facts before a preliminary injunction can be granted. Here, we perceive no

1

consideration of the parties' briefs and the relevant law, the Court **DENIES**

Petitioner's Motion for Preliminary Injunctive Relief (Dkt. # 2) for the reasons

below.

BACKGROUND

Plaintiff Natalia Chavez is a noncitizen from Venezuela who first

entered the country in 2018 on a B1-B2 visa.  (Dkt. # 1 at 5.)  Since then, she has

been issued Employment Authorization Documents ("EADs") and was granted

Temporary Protected Status between September of 2022 and January of 2025.

(Dkt. # 1 at 7–8.)  In the time she has spent in the United States, she has worked

legally and attended school, graduating from Saint Mary's University School of

Law with honors in May of 2021.  (Id. at 7.)

On June 23, 2025, Plaintiff Chavez married co-Plaintiff and U.S.

citizen, Jeffrey Alan Peek.  (Dkt. # 1 at 8.)  Thereafter, Plaintiffs sought to adjust

Chavez's status because of her marriage to a United States citizen.  (Id. at 9.)

Plaintiffs filed a Form I-130 Petition for Alien Relative and a Form I-485

Application to Register Permanent Residence or Adjust Status on September 9,

2025.  (Id.)  They simultaneously filed a Form I-131, an application for travel

---

such dispute[.]" (emphasis in original)).  Plaintiffs declined to respond to the
Court's order for supplemental briefing on the issue of jurisdiction.  However,
Plaintiffs have still had ample opportunity to respond to Defendants' jurisdictional
arguments, and indeed, did so in their reply  (Dkt. # 5.)

authorization, and a Form I-765, an application for employment authorization. (Id.)  None of the applications filed in September have been adjudicated.

At the time of filing her complaint, Plaintiff Chavez alleged that she had an upcoming passport appointment in Mexico City to renew her Venezuelan passport,[2] and that she would be unable to travel out of the country and return without the proper travel authorization documents.  (Dkt. # 2 at 2–3.)  This action is brought against Defendants Markwayne Mullin, in his official capacity as the Secretary of the Department of Homeland Security; Joseph B. Edlow, in his official capacity as the Director of the U.S. Citizenship and Immigration Services ("USCIS"); Wiley Blakeway, the Field Office Director of the San Antonio Field Office of USCIS, where Plaintiffs' applications are pending; the Director of the National Benefits Center; the Director of the USCIS Vetting Center; and the Director of the Enterprise Vetting Center.

Plaintiffs request several items of relief as part of their motion for injunctive relief.  Specifically, they request an Order: (1) requiring Defendants to adjudicate Plaintiff's applications for employment authorization (I-765) and travel authorization (I-131) immediately; (2) requiring Defendant USCIS to issue the

---

[2] Chavez explains that her travel to Mexico is necessary to renew the passport because "[d]ue to the absence of functioning Venezuelan consular services in the United States, Venezuelan nationals must travel abroad to renew their passports." (Dkt. # 2 at 2.)

Plaintiff an Employment Authorization Document and travel permit within ten days of such Order; and (3) enjoining "Respondents from detaining Plaintiff while her application for residency is pending or during any national or international travel solely for immigration purposes." (Dkt. # 2 at 5.)

On April 9, 2026, the Court set a briefing schedule requiring Defendants to respond to the Motion for Injunctive Relief on or before Monday, April 27, 2026, and permitting Plaintiffs to reply on or before May 1, 2026. (Dkt. # 3.) The briefing schedule additionally ordered Plaintiffs to file supplemental briefing on the issue of jurisdiction on or before April 27, 2026.[3] (Id.) Defendants timely filed their response on April 27, 2026, (Dkt. # 4), but Plaintiffs filed no supplemental briefing. Plaintiffs instead filed a timely reply, addressing jurisdictional arguments made by Defendants but failing to explain their lack of response to Court-ordered briefing. (Dkt. # 5.) The parties now disagree over the Court's jurisdiction.

<u>LEGAL STANDARD</u>

A preliminary injunction is an extraordinary remedy, and the decision to grant such relief is to be treated as the exception rather than the rule. <u>Valley v.</u>

---

[3] Supplemental briefing was necessary because Plaintiffs' motion failed to address this Court's jurisdiction to grant their requested relief. (<u>See</u> Dkt. # 2.)

Rapides Par. Sch. Bd., 118 F.3d 1047, 1050 (5th Cir. 1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The party seeking injunctive relief carries the burden of persuasion on all four requirements. PCI Transp. Inc. v. W. R.R. Co., 418 F.3d 535, 545 (5th Cir. 2005).

DISCUSSION

The Court begins with the jurisdictional issues raised by Defendants in this case. The relevant jurisdictional provisions depend on the relief requested.

### I.  Adjudication of Plaintiffs' I-765 and I-131 Forms

Defendants first suggest that the Court lacks jurisdiction to grant Plaintiffs' requested relief with respect to the adjudication of Plaintiffs' travel and employment authorization applications. Defendants point to Section 1252(a)(2)(B) of the Immigration and Nationality Act ("INA"), which bars judicial review of discretionary decisions by the Attorney General or Secretary of Homeland Security in the context of immigration relief. See 8 U.S.C. § 1252(a)(2)(B). The statute states that "no court shall have jurisdiction to review any (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or (ii) any other decision or action of the Attorney General or the

5

Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." Id.

At least one of the applications at issue here is within the discretionary authority of the agency. Regarding grants of advance parole—or the travel authorization that Plaintiff Chavez seeks—the relevant governing statute is 8 U.S.C. § 1182(d)(5)(A), which states in relevant part that the "Secretary of Homeland Security may . . . in his *discretion* parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any [noncitizen] applying for admission to the United States." 8 U.S.C. § 1182(d)(5)(A). The decision whether to grant or deny travel authorization is, therefore, discretionary.

Plaintiffs urge the Court that they are not challenging a discretionary decision because they are challenging USCIS's refusal to adjudicate these applications rather than the decision whether to grant or deny them. As an initial matter, Plaintiffs *do* ask the Court to not only require Defendants to adjudicate their pending applications, but also for a particular outcome. (Dkt. # 2 at 5) (asking for an order "requiring that Defendant, USCIS, to issue the Plaintiff an EAD card and travel permit within 10 days from the date of this Court's order."). To the extent Plaintiffs seek such relief, the Court is without jurisdiction to grant it.

6

As to whether the Court has jurisdiction to grant Plaintiffs' requested relief by ordering Defendants to adjudicate Plaintiff's I-765 and I-131, the Court lacks jurisdiction for separate reasons. The application for travel authorization or advance parole is a discretionary decision and thus judicial review is barred under 8 U.S.C. § 1252(a)(2)(B). The issue underlying Plaintiffs' request appears to be the speed with which the agency is adjudicating—or not adjudicating—Plaintiffs' applications. Where the decision on the granting or denial or a particular application is discretionary, "the pace of USCIS's adjudication is left to its discretion, with 'no clear mandate' requiring USCIS to act within a certain timeframe." Cheejati v. Blinken, 106 F.4th 388, 394 (5th Cir. 2024).

Regarding Plaintiffs' application for employment authorization documentation, the Court finds that she has not shown a likelihood of success on the merits because she fails to explain why such request is not moot. Plaintiff represents several times throughout her complaint and motion for injunctive relief that she already has an employment authorization document. (Dkt. # 1 at 7); (Dkt. # 2 at 3.) She states that her most recent employment authorization document is valid from June 18, 2024 through June 17, 2029. (Dkt. # 1 at 7.) Although she notes that only having a temporary work authorization puts her at increased risk of "additional scrutiny during encounters with law enforcement," she does not explain how granting her most recent application for employment authorization would

7

resolve this issue.[4]  The Court therefore does not have jurisdiction to grant her requested relief due to lack of standing because Plaintiff has failed to show that a favorable decision would redress her asserted harm.[5]

Thus, at this stage, Plaintiff has not demonstrated a likelihood of success on the merits because the Court likely lacks jurisdiction to issue an order requiring Defendants to adjudicate Plaintiff's Forms I-765 or I-131.

## II.   Enjoining Plaintiff's Detention

Plaintiff's final request for relief is an order enjoining "Respondents from detaining Plaintiff while her application for residency is pending or during any national or international travel solely for immigration purposes."  (Dkt. # 2 at 5.)  Defendants argue that 8 U.S.C. § 1252(g) is a jurisdictional bar on this Court's ability to grant the requested relief.  (Dkt. # 4 at 8.)  Finding no arguments to the contrary,[6] the Court agrees that at minimum, Plaintiffs have not met their burden on this issue.

---

[4] Rather, the relief that the body of the motion appears to suggest would remedy this issue is not solely adjudication of the employment authorization document, but rather adjudication of her Form I-485.  (See Dkt. # 2 at 3.)

[5] To the extent Plaintiff argues she will suffer harm due to the delay in adjudication of her Form I-485 instead, this issue is not properly before the Court in this motion as adjudication of the I-485 is not part of her requested relief.

[6] Plaintiffs' arguments related to Section 1252 appear more directed at the Defendants' arguments concerning 8 U.S.C. § 1252(a)(2)(B).  However, Plaintiffs do not engage with the jurisdictional arguments made regarding § 1252(g), and the provision is not cited anywhere in their reply brief.  (Dkt. # 5.)

Section 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any [noncitizen] arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any [noncitizen] under this chapter." 8 U.S.C. § 1252(g). Plaintiff requests immunization from detention altogether, which is part of the agency's "decision . . . to commence proceedings, adjudicate cases, or executive removal orders" within the meaning of Section 1252(g). This Court has assumed jurisdiction over questions related to a Petitioner's detention where the Petitioner "is not challenging the decision to detain him but rather his continued detention without bond." See, e.g., Silva v. Bondi, 1:25-cv-2155-DAE, 2026 WL 90060, at *2 n.4 (W.D. Tex. Jan. 12, 2026). However, in requesting an order enjoining Defendants from detaining her, this Plaintiff *is* challenging the decision to detain her at all. Thus, the Court is not convinced at this stage that it has jurisdiction to grant Plaintiff immunization from detention as she requests.

CONCLUSION

For the reasons above, Plaintiffs' Motion for Injunctive Relief is **DENIED**. (Dkt. # 2.) **IT IS FURTHER ORDERED** that the hearing on the Motion for Preliminary Injunction, set for May 21, 2026 at 9:00 a.m., is **CANCELED**.

9

**IT IS SO ORDERED.**

**DATED**: Austin, Texas, May 19, 2026.

_____
David Alan Ezra
Senior United States District Judge